# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEOTIS GOLDEN, CDCR #P-77783, Plaintiff, vs. MICHAEL FRAZE, Dr.; D. PARAMO, Associate Warden, Defendants. | Civil No. 08-1212 LAB (LSP) **ORDER:** **1) DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2];** **2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 4];** **AND** **DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a)** |

Theotis Golden ("Plaintiff"), a prisoner currently incarcerated at Centinela State Prison ("CEN") in Imperial, California and proceeding pro se, has filed a civil action pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff claims Defendants, a CEN Doctor and Associate Warden, "have conspired to conceal a judgment procured by extrinsic fraud," and have obstructed justice in violation of his Eighth and Fourteenth Amendment rights by "refusing to discharge their duties," and by denying him "medical treatment on [his] fronts." (Compl. at 1-3.) Plaintiff

alleges no more detail and does not request monetary damages; instead, he seeks both a "declaratory judgment stating that an actual and substantial controversy exist[s]," and permanent injunctive relief "preventing Defendants from continuing to violate [his] rights." (*Id.* at 1, 3.)

In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") and for Appointment of Counsel [Doc. No. 2], and a Motion for a Temporary Restraining Order ("TRO") [Doc. No. 4], including two separate Declarations in support [Doc. Nos. 6, 8].

## I.

## MOTION TO PROCEED IFP AND FOR APPOINTMENT OF COUNSEL

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). Subsection (e)(1) further permits the district court, once IFP has been granted, to exercise its discretion to 'request an attorney to represent any person unable to afford counsel,'" *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008), but only upon a showing of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude this privilege

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A

/ / /

case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

## II.

## APPLICATION OF 28 U.S.C. § 1915(g)

The Court notes as an initial matter that while the allegations in Plaintiff's Complaint are minimal and conclusory, it has carefully reviewed both his pleading as well as his Motion for TRO and has ascertained that neither makes a "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Therefore, Plaintiff may not be afforded the privilege of proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice that Plaintiff, Theotis Golden, identified as CDCR inmate #P-77783, has had three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. They are:

1) *Golden v. Kennedy, et al.,* Civil Case No. 06-05215-JW (N.D. Cal. March 2, 2007 Order dismissing complaint pursuant to 28 U.S.C. § 1915A(b)(1)(2) with leave to amend) [Doc. No. 13]; (N.D. Cal. Aug. 17, 2007 Order dismissing action for failure to amend and or prosecute pursuant to FED.R.CIV.P. 41(b) [Doc. No. 18]) (strike one);

2) *Golden v. Almager, et al.*, Civil Case No. 07-0580-JLS (AJB) (S.D. Cal. July 20, 2007 Order Dismissing Amended Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1) [Doc. No. 18]) (strike two); and

/ / /

3) *Golden v. Unknown,* 2008 WL 683553 (E.D. Cal. March 10, 2008) (Order and Findings recommending dismissal pursuant to 28 U.S.C. § 1915A(b)(1) and (2)) (unpub.) (Civil Case No. 07–0472-WBS -GGH [Doc . No. 2]); *Golden v. Unknown*, 2008 WL 1970830 (E.D. Cal. May 6, 2008) (Order adopting March 10, 2008 Findings and dismissing action with prejudice) (unpub.) (Civil Case No. 07-0472-WBS-GGH [Doc. No. 7]) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and fails to make a "plausible allegation" that he is under imminent danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* and for Appointment of Counsel as barred by 28 U.S.C. § 1915(g) [Doc. No. 2]; **DENIES** his Motion for TRO [Doc. No. 4] as moot, and **DISMISSES** this action without prejudice pursuant to 28 U.S.C. § 1914(a) for failing to prepay the $350 filing fee.

Plaintiff is hereby notified that he may no longer proceed IFP in any federal district or appellate court pursuant to 28 U.S.C. § 1915(a) while he is incarcerated unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 29, 2008

Larry A. Burns

**HONORABLE LARRY ALAN BURNS**
United States District Judge